IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY H. ELLINGTON,

      Petitioner,                    No. CIV S-01-0273 DFL KJM P

   vs.

STATE OF CALIFORNIA, et al.,

      Respondents.              <u>ORDER</u>

_____/

      Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On March 7, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fifteen days. On July 6, 2005, petitioner was granted until August 1, 2005 to file objections. On August 5, 2005, petitioner was granted until August 15, 2005 to file objections. On August 17, 2005, petitioner was granted until August 22, 2005 to file objections. On August 22, 2005, petitioner filed objections to the findings and recommendations.

/////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 7, 2005, are adopted in full; and

2. Petitioner's application for a writ of habeas corpus is denied.

DATED: 2/8/2006

_____
DAVID F. LEVI
United States District Judge

---

[1] In his objections to the findings and recommendations, petitioner seems to raise a new claim concerning CALJIC No. 2.50.1 pursuant to Gibson v. Ortiz, 387 F.3d 812 (9th Cir. 2004). See August 22, 2005, Objections to the Findings and Recommendation of the Magistrate Judge, at 6-7. There are a number of problems with this "claim." First, the objections are not the place to introduce a new argument or a new claim that has not already been presented to the magistrate judge. Petitioner never raised this specific issue in his briefing before the magistrate judge, and he did not request leave to submit supplemental briefing. Second, the objections do not amend the petition. Nor has petitioner sought leave to amend the petition. Therefore, there is no Gibson claim properly before the court. Third, were petitioner to request leave to amend the petition, the court would have to determine whether this claim has been exhausted, and it does not appear that it has been. Finally, the claim would appear to be without merit. Although petitioner claims that the instruction given here and in Gibson were identical, there is no fair comparison between the particular instruction at issue in Gibson and the instruction here. See Findings and Recommendation, at 27 n.10. Indeed, the instruction given here is not a propensity instruction at all. Accordingly, the court declines to consider petitioner's new argument based upon Gibson. For the first of these reasons, the court also declines to consider petitioner's new arguments concerning the unconstitutionality of AEDPA.